UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HEATHER HARDY,

                                  Plaintiff,                        26 Civ. 747 (PAE)

                -v-
                                                                   ORDER

DIBELLA ENTERTAINMENT, INC. *et al*,

                                  Defendants.

PAUL A. ENGELMAYER, District Judge:

On January 28, 2026, defendants Lou DiBella and DiBella Entertainment, Inc. ("DiBella defendants") filed a notice of removal in the above-captioned action, brought by former professional boxer Heather Hardy against the DiBella defendants, Everlast Worldwide Inc., Frasers Group PLC, Adidas America, Inc., Rival Boxing Gear Inc., and unnamed defendants. Dkt. 1. On January 30, 2026, the Court ordered counsel for the removing defendants to promptly serve all parties in the action, and to file a letter on the docket of the case stating whether "all defendants who had been served at the time of removal joined in the notice of removal." Dkt. 4.

On February 9, 2026, the DiBella defendants stated that none of the other defendants have joined in its notice of removal. Dkt. 5. On February 23, 2026, plaintiff filed a motion to remand this case to state court, contending that the DiBella defendants' failure to obtain the consent of all other defendants made removal under 28 U.S.C. § 1441(a) improper. Dkt. 6. On March 23, 2026, the DiBella defendants notified the Court that the parties have reached a settlement in principle as to plaintiff's claims against them, and that they do not oppose remand. Dkt. 15.

Accordingly, the Court finds that remand is warranted. *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 151 (2d Cir. 2021); *Ell v. S.E.T. Landscape Design, Inc.*, 34 F. Supp. 2d 188, 193 (S.D.N.Y.

1

1999) ("all named [defendants] over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper"); *Heller v. N.Y.C. Health & Hosps. Corp.*, No. 09 Civ. 6193, 2010 WL 481336, at *2 (S.D.N.Y. Feb. 1, 2010).  The Clerk of Court is respectfully directed to remand this case to the Supreme Court of New York (Commercial Division).

      SO ORDERED.

PAUL A. ENGELMAYER<br>
United States District Judge

Dated: March 25, 2026<br>
      New York, New York